UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESÚS ENRIQUE ABREU FERRER,<br><br>                                  Petitioner,<br><br>v.<br><br>Jeremy CASEY, Warden, Imperial Regional Detention Center, Calexico, California; Daniel A. BRIGHTMAN, Acting Field Office Director, San Diego Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; U.S. Department of Homeland Security; Todd M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; Sirce OWEN, Acting Director for Executive Office for Immigration Review; Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Todd BLANCHE, Attorney General of the United States,<br><br>                                  Respondents. | Case No.:  26-cv-4103-GPC-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

1

26-cv-4103-GPC-MSB

On July 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons outlined below, the Court GRANTS the Petition and orders Petitioner's release from custody.

## BACKGROUND

Petitioner Jesús Enrique Abreu Ferrer is a Venezuelan citizen who entered the United States with his wife and two children on December 30, 2023. ECF No. 1, ¶ 6. Petitioner entered without inspection with the intent of seeking asylum. *Id.* Shortly after entering, Petitioner was detained. *Id.* ¶ 7. On January 3, 2024, Petitioner was released on his own recognizance by the immigration court. ECF No. 4-1, at 2. The release was conditioned on Petitioner not violating "any local, State, or Federal laws or ordinances." ECF No. 4-1, at 2. Later in 2024, Petitioner applied for asylum and received work authorization. *Id.* ¶ 10. Since arriving, Petitioner has resided in New York with his wife and children. Petitioner and his wife now have four children, including an infant who was born in February of this year. ECF No. 6-2, ¶ 5.

The record does not clearly outline Petitioner's arrest and conviction history. The Court will attempt to summarize its understanding of the relevant events. Per the I-213 form submitted by Respondents, Respondents allege that Petitioner was arrested in September 2024 in New York City for assault and endangering the welfare of a child, ECF No. 4-1, at 5, and in November 2024 in New Jersey for receiving stolen property and resisting arrest, *id.* at 3. Respondents state that the disposition of the September 2024 arrest is "unknown," and that the November 2024 charges remain "pending." *Id.* at 3, 5. Petitioner alleges that he was not arrested in September 2024, and notes that the I-213 includes no arrest number or case number to verify Respondents' claims. ECF No. 6, at 2; ECF No. 6-2, ¶ 5. As to the November 2024 arrest, Petitioner states that the charges are not "pending" but were resolved when Petitioner pled guilty to minor misdemeanor disorderly conduct on June 16, 2026. ECF No. 6, at 2; ECF No. 6-5, at 2.

In May 2026, Petitioner was arrested in New York for—per the I-213, which does not provide a case number—possession of a controlled substance, operating a motor

26-cv-4103-GPC-MSB

vehicle without financial security, and a windshield tint violation. ECF No. 4-2, at 3. Though Petitioner states that he maintains his innocence, he pled guilty to disorderly conduct to secure release from custody and return to his family.[1] ECF No. 6, at 3; ECF No. 6-6, at 2. Petitioner received a conditional discharge. ECF No. 6-6, at 2.

On June 4, 2026, Petitioner was arrested in New Jersey. ECF No. 1, ¶ 11. It is not clear why Petitioner was arrested on June 4, or whether he was arrested on a new charge or transferred from New York custody.[2] Petitioner again maintains his innocence but acknowledges that he pled guilty to disorderly conduct in order to secure his immediate release from custody. ECF No. 1, ¶ 11. On June 16, 2026, the New Jersey criminal court sentenced Petitioner to time served. ECF No. 6-5, at 2. The court justified its sentence by noting that defendant's "conduct neither caused nor threatened serious harm." *Id.* at 4.

Immediately after Petitioner was released from jail on June 18, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 12. The arrest was pursuant to an administrative warrant issued on June 4, 2026. ECF No. 4-3, at 2. ICE did not provide Petitioner with a pre-deprivation hearing or a written notice of the reasons for the revocation of his parole. *Id.*

Petitioner is currently in custody at the Imperial Regional Detention Facility in Calexico, California. *Id.* ¶ 14. Petitioner seeks immediate release from custody, arguing that his re-detention without notice or an opportunity to be heard violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 35–39. Respondents counter that release is not

---

[1] Petitioner asserts that he did not understand that he pled guilty to disorderly conduct in New York. ECF No. 6-2, ¶ 8.

[2] While Petitioner initially alleged that he was arrested on June 4, 2026, Petitioner now alleges that he was "transferred" from New York to New Jersey. ECF No. 6-2, ¶¶ 8–9. However, Petitioner has also submitted evidence that he received a conditional discharge from custody in New York on May 17, 2026, rather than a transfer from New York to New Jersey. ECF No. 6-6, at 2.

26-cv-4103-GPC-MSB

warranted because Petitioner violated his conditions of release, has been arrested multiple times for various crimes, and pled guilty to disorderly conduct. ECF No. 4, at 2.

## DISCUSSION

In their return to the petition, Respondents maintain that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). ECF No. 4, at 4. Because Petitioner was not apprehended at the border but was instead apprehended in the interior of the country after residing in the United States for more than two years, he is not subject to the detention regime of § 1225(b). *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).

Thus, the Court turns to the central dispute in this case regarding whether Petitioner's re-detention without a pre-deprivation hearing violated Petitioner's due process rights.

### I.      Liberty Interest

Under the Due Process Clause of the Fifth Amendment, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V. Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Due process rights apply to noncitizens, including those whose presence in the United States is unlawful. *Id.* at 693.

As applied to cases like Petitioner's, "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). *See also Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025); *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). An initial release from ICE custody reflects "a determination by the government that [an individual is] neither a flight risk nor a danger to the community." *Pinchi*, 792 F. Supp. 3d at 1034; *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL

26-cv-4103-GPC-MSB

2637503, *7 (N.D. Cal. Sept. 12, 2025). Thus, Respondents may generally not re-arrest a previously released noncitizen "absent a change in circumstances." *Salcedo Aceros* 2025 WL 2637503, at *1 (citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

When Petitioner was previously released from immigration custody, he "took with him a liberty interest which is entitled to the full protections of due process." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty"). Having determined that Petitioner maintains a protected liberty interest in remaining out of custody, the Court must next determine "what process is due." *Morrissey*, 408 U.S. at 481.

## II.    Process Due

The parties disagree as to what process was required in connection with Petitioner's re-detention. Respondents argue that, because Petitioner violated the conditions of his release and committed a crime, Petitioner would be entitled to only a post-deprivation hearing. ECF No. 4, at 3–4. Petitioner argues that he was entitled to a pre-deprivation hearing that now mandates his immediate release.

To determine what procedures are required by due process, the Court evaluates the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). *See Ortiz Donnis*, 2025 WL 2879514, at *12. Under *Mathews*, a court must consider (1) "the private interest" at stake, (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards," and (3) the "Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." 424 U.S. at 335. The Court concludes that each of these factors supports Petitioner's constitutional right to process before he was re-detained.

26-cv-4103-GPC-MSB

As to the first *Mathews* factor, Petitioner has a significant private interest in his continued liberty. Indeed, Petitioner's years out of government custody "have only heightened [his] liberty interest in remaining out of detention." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). The Court finds that this liberty interest is not diminished by Petitioner's purported violations of his conditions of release. *Ballen-Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-2971 DAD AC, 2026 WL 1329861, at *3 (E.D. Cal. May 13, 2026), *report and recommendation adopted*, No. 1:26-CV-02971-DAD-AC (HC), 2026 WL 1499574 (E.D. Cal. May 28, 2026) ("Petitioner's criminal conviction did not alter his liberty interest."); *Kamel v. Santacruz*, No. 5:26-CV-03481-BFM, 2026 WL 1965112, at *3 (C.D. Cal. July 2, 2026) (finding Petitioner retained significant liberty interest even when Respondents alleged that Petitioner violated the conditions of his release); *Yu v. Hernandez*, No. 2:26-CV-01372-DGE, 2026 WL 1560581, at *6 (W.D. Wash. May 22, 2026) ("Respondents do not cite, nor is the Court aware of, any case law holding alleged violations of terms of conditions of release decrease one's interest in remaining free from imprisonment.").

Turning to the second *Mathews* factor, the Court acknowledges that the risk of erroneous deprivation of Petitioner's liberty interest may be slightly lessened here, where Petitioner's release was predicated on his compliance with all laws and Petitioner admits that he has pled guilty to a misdemeanor. However, "even if the government did have a valid reason to detain Petitioner, that does not eliminate its obligation to effectuate the detention in a manner that comports with due process." *P.T. v. Hermosillo*, No. C25-2249-KKE, 2025 WL 3294988, at *3 (W.D. Wash. Nov. 26, 2025). While Petitioner admits that he pled guilty to disorderly conduct—though he now maintains his innocence—Petitioner contests several of the allegations contained in Respondents' I-213. A pre-deprivation hearing may be especially important where, as here, the parties dispute the facts resulting in Petitioner's re-detention. *See Rodriguez Diaz v. Kaiser*, No. 25-CV-05071-TLT, 2025 WL 3011852, at *10 (N.D. Cal. Sept. 16, 2025) ("To the extent that Respondents argue that Petitioner-Plaintiff's liberty is diminished by alleged violations of his conditions of

26-cv-4103-GPC-MSB

release, these factual disputes must be adjudicated at a pre-deprivation hearing."); *see also Gapoyan v. Sec'y of U.S. Dep't of Homeland Sec.*, No. 5:26-CV-01538-KES, 2026 WL 1046725, at *4 (C.D. Cal. Apr. 14, 2026) ("This dispute over how and why Petitioner violated the terms of her parole underscores the need for meaningful notice and an opportunity to be heard.").

Further, though Respondents assert that Petitioner violated the conditions of his release, it remains that "civil immigration detention must be 'nonpunitive in purpose' and bear a 'reasonable relation' to the authorized statutory purposes of preventing flight and danger to the community." *G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274, at *8 (W.D. Wash. Oct. 8, 2025), *report and recommendation adopted*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035 (W.D. Wash. Oct. 28, 2025)). By releasing Petitioner in 2024, immigration officials determined that he was neither a flight risk nor a danger to his community. *See id.*; *Ortiz Donis*, 2025 WL 2879514, at *1; *Pinchi*, 792 F. Supp. 3d at 1034. Now, in support of Petitioner's re-detention without a pre-deprivation hearing, Respondents point only to Petitioner's violation of his conditions of release. However, "in the context of civil immigration detention . . . it is not solely the violation itself that is compelling, but what a violation says about whether the individual poses a risk of flight or danger." *Kamel v. Santacruz*, No. 5:26-CV-03481-BFM, 2026 WL 1965112, at *4 (C.D. Cal. July 2, 2026) (citing *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035 (N.D. Cal. 2025)). Thus, "it does not 'necessarily follow' from the allegation of a violation 'that Petitioner can be detained for those violations without a hearing.'" *Id.* (quoting *E.A. T.B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025)).

While Respondents appear to argue that circumstances have changed due to Petitioner's arrest record, Respondents make no argument that Petitioner is a flight risk. Additionally, while Respondents note that Petitioner was "arrested for offenses involving violence and disruptive conduct," ECF No. 4, at 3–4, Petitioner denies that the alleged September 2024 arrest for violent conduct ever occurred and the record is unclear. As to Petitioner's conviction for misdemeanor disorderly conduct, Petitioner was released from

26-cv-4103-GPC-MSB

detention on the grounds that his conduct "neither caused nor threatened serious harm." ECF No. 6-5, at 4. Thus, Respondents have not demonstrated—nor explicitly argued—that Petitioner now poses a danger to the community. Further, Petitioner was not notified of the reasons for his detention or given a chance to "dispute that such violations occurred or to persuade the decisionmaker that those violations did not make him a flight risk [or danger]." *Kamel*, 2026 WL 1965112, at *4. The Court concludes that, despite Petitioner's criminal history, the disputed facts and unclear record indicate that, in the absence of a pre-deprivation hearing, Petitioner faced a high risk of the erroneous deprivation of his liberty.

Finally, the Government has not articulated any countervailing governmental interest "that would outweigh Petitioner's interest in a pre-deprivation hearing." *Fernandez v. Semaia*, No. 5:25-CV-03412-SPG-MBK, 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *see also G.S. v. Bostock*, 2025 WL 3014274, at *9 ("Finally, the Government has failed to show any countervailing interest against providing a pre-detention hearing."). Due process usually "requires some kind of a hearing before the State deprives a person or liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). However, the Court acknowledges that "there may be situations that urgently require arrest in which a prompt post-deprivation hearing is appropriate." *O.A.C.S. v. Wofford*, No. 1:25-CV-01652-DAD-CSK-HC, 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (citing *Zinermon*, 494 U.S. at 128). Even so, "[c]ourts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing." *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1106 (E.D. Cal. 2026) (citing *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025)).

Respondents assert that they have a strong interest in detaining Petitioner without a pre-deprivation hearing because Petitioner "failed to comply with his conditions [of release]" and "was arrested for offenses involving violence and disruptive conduct." ECF No. 4, at 3–4. However, the Court finds that Petitioner's disputed arrest record and conviction for misdemeanor disorderly conduct do not create the "especially strong government interest" necessary to justify detention without a pre-deprivation hearing.

26-cv-4103-GPC-MSB

*R.A.N.O.*, 820 F. Supp. 3d at 1106. Notably, Respondents have not argued that Petitioner's arrest was characterized by urgent concerns or that quick action was necessary. The Court, upon review of the record, does not find that Petitioner's detention was especially urgent or that a pre-detention hearing would have placed an undue burden on Respondents. "In short, '[i]f the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing [or other procedure] is low.'" *Mazurov v. Desert Annex Det. Facility*, No. 5:26-CV-02236-BFM, 2026 WL 1365164, at *4 (C.D. Cal. May 8, 2026) (alterations in original) (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)). *See also Yu v. Hernandez*, No. 2:26-CV-01372-DGE, 2026 WL 1560581, at *8 (W.D. Wash. May 22, 2026) ("[T]he Court acknowledges that the Government has a strong interest in returning noncitizens to custody who violate conditions of release, but there is no indication that providing Petitioners with notice and an opportunity to be heard prior to re-detaining them would have impaired this interest.").

In sum, each of the *Mathews* factors demonstrate that Petitioner was entitled to a pre-deprivation hearing and notice. In light of such a violation, release—not a post-deprivation hearing—is generally the appropriate remedy. *Pal v. Warden, California City ICE Det. Facility*, No. 1:26-CV-1531-DJC-CKD-P, 2026 WL 1012507, at *4 (E.D. Cal. Apr. 14, 2026), *report and recommendation adopted*, No. 1:26-CV-1531 DJC CKD P, 2026 WL 1103607 (E.D. Cal. Apr. 23, 2026); *Esparza v. Wofford*, No. 1:26-CV-04147-DAD-CSK, 2026 WL 1661406, at *2 (E.D. Cal. June 9, 2026); *Ballen-Ramirez*, 2026 WL 1329861, at *3, *7. Additionally, none of the *Mathews* factors weighs against outright release as the remedy here. *C.f. Pena v. Marrero*, No. 26-CV-3279 JLS (MSB), 2026 WL 2126861, at *3 (S.D. Cal. July 23, 2026) (finding the *Mathews* factors weighed against outright release where government's interest in detention without a pre-deprivation hearing was heightened due to the severity of Petitioner's violent crimes). Not only would a post-deprivation hearing be inadequate to satisfy due process, but it would "condone the

9

violation of [P]etitioner's right to due process in the first instance." *Pal*, 2026 WL 1012507, at *4 (E.D. Cal. Apr. 14, 2026), Thus, the Court finds that the appropriate remedy is release.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- The Court GRANTS the petition for writ of habeas corpus, ECF No. 1.[3]

- By 9:00 a.m. on Friday, August 7, 2026, Respondents shall provide Petitioner and Petitioner's counsel with the following release options:

  o Release in this District by 5:00 p.m. on Friday, August 7, 2026; or

  o Release in Petitioner's home state of New York by August 10, 2029.

- Petitioner shall choose one of the above options by 12:00 p.m. on Friday, August 7, 2026.

- If Petitioner fails to elect an option by that deadline, Respondents shall release Petitioner in this District by 5:00 p.m. on Friday, August 7, 2026.

- Respondents shall file an affidavit by 5:00 p.m. on Monday, August 11, 2026, attesting to Petitioner's election and confirming his release.

- Respondents shall not re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

- The Court vacates the hearing previously set for August 7, 2026.

---

[3] In his prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1, at 31. That request is DENIED without prejudice. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.

26-cv-4103-GPC-MSB

- The Clerk of Court shall close the case.

IT IS SO ORDERED.

Dated: August 6, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26-cv-4103-GPC-MSB